**Edwin A. WALKER, Plaintiff,**

v.

**The ASSOCIATED PRESS, Defendant.**

**No. 64–267–Civ.–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Dec. 21, 1967.

------◆------

Dean Boggs, Jacksonville, Fla., and Clyde J. Watts, Oklahoma City, Okl., for plaintiff.

Francis P. Conroy, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., and Stanley Godofsky, Royall, Koegel, Rogers & Wells, New York City, for defendant.

## ORDER AND FINAL JUDGMENT

SCOTT, District Judge.

After due notice and argument by counsel for the respective parties, the Court finds:

1. On October 20, 1967, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, the Defendant moves this Court for an order dismissing the above cause with prejudice or for summary judgment, on the authority of the opinion of the United States Supreme Court in Associated Press v. Walker, 1966, 388 U.S. 130, 87 S.Ct. 1975, 18 L. Ed.2d 1094 (hereinafter called the "Texas Case").

2. On November 1, 1967, upon argument of the foregoing motion, Plaintiff filed a response thereto wherein he requested that this Court withhold decision on Defendant's motion until the Supreme Court of Texas had passed upon Plaintiff's then-pending application for writ of error to the Court of Civil Appeals for the Second Supreme Judicial District in the "Texas Case".

3. At the hearing on November 1, 1967, the Court orally ordered Plaintiff to submit by December 1, 1967, an application for leave to amend his complaint so as to allege facts which, if proven, would be sufficient to justify a judgment for Plaintiff and to support the same by affidavit or other competent prima facie evidence disclosing the proof of such facts as contemplated by Plaintiff.

4. On December 1, 1967, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and the foregoing oral order of this Court, Plaintiff filed his motion for leave to amend his complaint herein to allege that Defendant published the matters complained of with "actual malice", and at the same time filed with this Court, in support thereof the affidavit of Clyde J. Watts wherein said affiant described the evidence upon which Plaintiff intends to rely in support of the allegations of his proposed amendment.

5. On December 15, 1967, the Defendant filed herein the affidavit of Francis P. Conroy in support of Defendant's motion to dismiss or for summary judgment and in opposition to Plaintiff's motion to amend his complaint.

On December 20, 1967, Defendant filed the further affidavit of Francis P. Conroy in connection with said motions, establishing that Plaintiff's application for writ of error to the Supreme Court of Texas, referred to above, was denied December 13, 1967.

6. The Court, from a review of this record and the opinion of the United States Supreme Court in the "Texas Case" finds that Plaintiff cannot prevail in this action unless he can establish "actual malice". On the face of Plaintiff's motion for leave to amend, he asserts it is posited "upon the basis of facts which have been proved in the Trial of Case No. 10,585, First Judicial District Court, Parrish of Caddo, State of Louisiana, in October, 1965", and the affidavit

**520**

of Clyde J. Watts confirms that the evidence upon which Plaintiff intends to rely in this action was also the evidence in said case. On October 16, 1967, 389 U.S. 28, 88 S.Ct. 106, 19 L.Ed.2d 28, the Supreme Court of the United States reversed the judgment for Plaintiff in the foregoing case on the authority of Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (the "Texas Case"), Rehearing was denied on December 4, 1967.

By its decision October 16, 1967, 389 U.S. 997, 88 S.Ct. 462, 19 L.Ed.2d 500, and its denial of Rehearing on December 4, 1967, the Supreme Court of the United States has held, squarely and unequivocally that the evidence in that case is legally insufficient to support a finding of "actual malice".

7. Thus, it appears to this Court that the evidence upon which Plaintiff intends to rely in support of its proposed amendment is legally insufficient to support a finding of "actual malice" in this case, and that the proposed amendment to the complaint would be futile. Further, it appears to the Court that if the evidence described in the Watts' affidavit were to be submitted in evidence in a trial of this case, said evidence would be insufficient, legally, to support a finding for Plaintiff on the issue of "actual malice" and the Court would be required to enter judgment for the Defendant.

8. From all of the pleadings and affidavits submitted herein the Court finds that there is no genuine issue as to any material fact and that the Defendant is entitled to final judgment on the merits as a matter of law.

It is, therefore, ordered and adjudged:

a. That Plaintiff's motion for leave to amend his complaint hereby is denied with prejudice; and,

b. That Defendant's motion for summary judgment hereby is granted and the complaint hereby is dismissed with prejudice and at the cost of the Plaintiff. The Plaintiff shall take nothing by his suit and the Defendant shall go hence without day.